## SMOOT & AL vs. BALDWIN.

A conditional sale followed by delivery, is a *vente a remeré.*

A sale made in another state of the union for a slave, need not be recorded here.

Delivery of slaves takes place by the delivery of a title which states that the slave sold has been delivered.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action, like the preceding, is brought on an instrument executed in the state of Alabama, but of a very different nature from that we have just acted on. The latter was given in security, expressed no price, was not followed by delivery, and contained a clause that the contract should be null and void, in case the plaintiffs were not obliged to pay the debt, for which they had bound themselves as

sureties for the defendant. The one before us contains every requisite necessary to the formation of the contract of sale. It expresses the consideration or price to be four thousand dollars, warrants the title and acknowledges the delivery.

Below this instrument, there is another executed by the plaintiffs, in which they state that provided the vendor pays a note to which they have bound themselves as sureties, they will *re-sell and re-convey* the negroes mentioned *in the bill of sale.*

Under this and the previous act, the plaintiffs claim the slaves conveyed to them, and the defendant, who has since purchased the same property by public act, executed in this state, from Russell the vendor of the petitioners, thinks that his title is a superior one, and that he ought to be maintained in his possession and quieted in his title.

No proof being made of the laws of the country where this contract was executed, we must decide it by those which are in force in this state.

The description we have already given of the act under which the plaintiffs claim, expresses, in some measure our opinion as to its

VOL. I. (N. S.) 67

character. It appears to us to be a contract of sale, with the power or right of redemption annexed, *vente a remeré.* The expressions certainly make it such. The intention of the parties, as far as we can gather it, also supports this construction. It is clear the plaintiffs were not satisfied with any thing else for their security but a sale, pure and simple; that a mortgage or a contract of sale, on a suspensive condition, was not within their contemplation. The price stipulated, the delivery expressed, and their promise to re-sell and re-convey, if the vendor should comply with his engagement, exclude the idea that any thing else was intended.

The vendor, therefore, after this contract, could convey nothing to a second vendee but the right of redemption; admitting that this has been done by the sale of the slave, the right to pay the price, stipulated in the contract with the plaintiffs has not been claimed.

There remain two objections made by the defendant, which it is proper to notice, and express our opinion on.

He says that the plaintiffs cannot recover because their deed was not recorded within this state; but we think it was not necessary

for the assurance of their rights that such a step should have been resorted to. All that was necessary for them to do, was to see they had a legal title where they bought, and the right thus acquired could not be divested by moving the property into another country, where different regulations might prevail. The plaintiffs shew a title by public act in the state of Alabama. An instrument similar to that they exhibit, would, if executed in this state, have effect against third parties, from the date of recording. As the contrary is not shewn, we must presume its operation was the same in the country where it was passed. To say it shall not have the same effect here, that it had in the state where it was executed, would be in fact deciding that a man, for the assurance of his property, must have his titles recorded in every state in the union, and every country where registry acts are in force; and this we are not prepared to do.

He next contends that there was no delivery. On this head we refer to the Code—"The delivery of slaves takes place when the sale mentions that the slave has been sold and delivered to the buyer."—*Civ. Code*, 350–28. This sale contains a clause, expressing that

*West'n District*
*Sept.* 1823.

SMOOT & AL.
*vs.*
BALDWIN.

these slaves were delivered, and if Russell the vendor had them in possession, when he made that declaration, and kept them afterwards, his possession was that of the owher.

As to the declaration that these slaves were personal property, we can notice it only as an error in the parties—they are clearly not so by our law, and we can recognize no other in the decision of this cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Thomas* for the plaintiffs, *Baldwin* for the defendant.